**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**CHARLIE BALTRUSCH** **PLAINTIFF**

**v.** **Case No. 5:26-CV-05044-DCF**

**BENTON COUNTY SHERIFF'S OFFICE and BENTON COUNTY JAIL** **DEFENDANTS**

**ORDER ADOPTING THE REPORT AND RECOMMENDATION**

Before the Court is a Report and Recommendation (Doc. 11) issued on June 1, 2026, by the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. On preservice screening, Magistrate Judge Comstock recommends that Plaintiff Charlie Baltrusch's Complaint be dismissed without prejudice. On June 23, 2026, Plaintiff Charlie Baltrusch filed Objections to the Report and Recommendation (Doc. 12), which triggered this Court's *de novo* review of the entire record.

After careful review, the Court concludes that the Report and Recommendation should be, and hereby is, approved and adopted in all respects and in its entirety as this Court's findings. For the reasons given below, Plaintiff's Objections are OVERRULED and the Report and Recommendation is **ADOPTED IN ITS ENTIRETY.**

## I. BACKGROUND

Plaintiff has not objected to the background summarized in the Report and Recommendation. Therefore, after a considered review of the case, the Court adopts the background as provided in the Report and Recommendation.

## II. LEGAL STANDARD

Under a § 1983 claim, "a plaintiff must demonstrate a plausible claim for relief, which is more than a mere possibility of misconduct." *Graves v. Short*, No. 25-00262, 2025 WL 2299405, at *1 (E.D. Miss. Aug. 7, 2025); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). When considering whether "a complaint states a claim for which a court may grant relief, a district court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor." *Fraction v. Moorhead Police Dep't*, No. 22-3019, 2023 WL 6930761, at *3; *see Loftness Specialized Farm Equip., Inc. v. Twiestmeyer*, 742 F.3d 845, 854 (8th Cir. 2014). While "a complaint's factual allegations need not be detailed, [they] must raise a right to relief above the speculative level." *Fraction*, 2023 WL 6930761, at *3; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to [a] less stringent standard than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007). "Though *pro se* complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## III. DISCUSSION

In his Objections to the Report and Recommendation, Plaintiff states that his Fourteenth Amendment rights were violated and that because he has not been through discovery, he may have standing to sue Defendants for failure to investigate his accident. (Doc. 12, p. 3). The Court will address each in turn.

### A. Fourteenth Amendment Claim

Plaintiff indicates in his Objection that he intends to file an amended Complaint by using a "2nd 1983 form" because he "believes [his] 14th Amendment [right] was [] violated by [] not being allowed to file a police report." (Doc. 12, p. 3). But Plaintiff does not allege what specific violation of his Fourteenth Amendment rights occurred. Further, after careful review of the record, the Court notes that no amended complaint was ever filed in this matter. However, "[t]o the extent [the Plaintiff] alleges his constitutional rights were violated by Defendants' failure to take or file a police report, courts have found that private citizens have no constitutional right in filing police reports." *See Graves*, 2025 WL 2299405, at *3. "For example, the Supreme Court has held that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). The Eighth Circuit has applied this holding and found that "a crime victim cannot sue a government official for failing to prosecute his assailant." *See Pratt v. Helms*, 73 F.4th 592, 594 (8th Cir. 2023). Therefore, "because crime victims have no constitutional right to have their

assailants prosecuted [] they have no injury in fact from the nonprosecution of their assailants." *See id.*; *see also Parkhurst v. Tabor*, 569 F.3d 861, 865-66 (8th Cir. 2009). For the foregoing reasons, the Court overrules this Objection.

**B. Standing**

Plaintiff also alleges that because he has not been through "discovery" that the Eighth Circuit may not agree with the Fifth Circuit that, as a crime victim, he "generally" "lacks standing to sue based on an official's failure to investigate the alleged assailant." (Doc. 12, p. 3). As previously noted, private citizens have no protected right to file a police report or sue another party for failure to properly investigate the crime related to the police report. *See Pratt* 73 F.4th at 594; *see also Linda R.S.*, 410 U.S. at 619. Further, Article III Standing requires an injury be "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010). As standing "is a threshold issue" and "jurisdictional prerequisite that must be resolved before reaching the merits of a suit," this must be met before proceeding to the discovery phase of a case. *See Medalie v. Bayer Corp.*, 510 F.3d 828, 829 (8th Cir. 2007).

The Court has reviewed the record and does not believe Plaintiff has met the threshold requirement of standing as required by Article III and the Eighth Circuit because Plaintiff has not even alleged a claim on which relief can be granted. In his initial complaint, Plaintiff asks the Court to accept his "claim as a valid claim

with proper 'merit' on grounds for an acceptable lawsuit." (Doc. 2, p. 4). Plaintiff then asks the Court to "hold Benton County Sheriffs [sic] Office Jail responsible for this allegation" and seeks to be "financially compensate[d] for not handling [the events after his accident] in a proper or professional way." (*Id.*). Further, no new facts were given in Plaintiff's Objections. While the Court should "construe[] [*pro se* complaints] liberally, they still must allege sufficient facts to support the claims advanced." *Stone*, 364 F.3d at 914. As Plaintiff has not alleged sufficient facts or even stated a claim for relief, the Court finds that Plaintiff's Standing Objection fails and, accordingly, overrules it.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the Report and Recommendation is proper and is **ADOPTED IN ITS ENTIRETY** and Plaintiff's Objections are **OVERRULED.** Accordingly, Plaintiff's case will be **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** this 22nd day of September 2026.

/s/ David Clay Fowlkes
DAVID CLAY FOWLKES
UNITED STATES DISTRICT JUDGE